[No. 5481.]
## JOHN HARKINS *v*. THOMAS NELSON ET AL.

LANDS—BOUNDARY LINES OF TOWNSHIP.—The south and west boundary lines of the south half of the southwest quarter of section thirty-one of a "township" surveyed by the United States are coincident with the south and west lines of that township.

SAME—EVIDENCE OF MONUMENT.—Evidence having been given tending to prove the southwest corner of the township by locating the corner post as fixed by the United States Surveyor, such evidence is not overcome by testimony to the effect that, according to the field notes of a subsequent sur-

vey of the section, the post should have been placed elsewhere; nor does such testimony tend to prove that the post was not really the monument of the United States Surveyor, or that the monument had been removed from the point where it had been originally placed by the United States Surveyor.

SAME—FIELD NOTES OF SURVEY.—The monument placed at the township corner of the survey in the field would control the calls of the *field notes* of the same survey; *a fortiori*, it controls the *field notes* of a subsequent survey of one of the *sections*.

APPEAL from the District Court of the Twelfth Judicial District, County of San Mateo.

Action to quiet title to real estate described as follows in plaintiff's State patent: "All that certain tract of land situate in the County of San Mateo, State of California, and being the south half of the southwest quarter of section thirty-one (31), and lot number four (4) in township five (5) south, range four (4) west, Mount Diablo meridian, containing one hundred and twenty-nine $\frac{36}{100}$ acres of land."

Plaintiff had judgment, and defendants appealed therefrom, and from the order denying their motion for a new trial. The facts appear in the opinion.

*M. A. Wheaton*, for Appellants.

*Newhall, Carson & Phelan*, for Respondent.

By the Court, McKINSTRY, J.:

The action is to "quiet title" to the south half of the southwest quarter of section thirty-one in a certain township, and to lot four in the same section. The township lines were run and platted in 1852, and the section surveyed in 1854. The plaintiff proved, at least *prima facie*, the location of the southwest corner of the township, by showing the point at which has stood since 1861 a post "marked with U. S. Surveyor's marks that indicated that it was the corner post." It is obvious that the south half of section thirty-one was bounded on the south and west by the south and west lines of the township.

The testimony of Easton, defendant's witness, did not tend to prove that the post, or the marks on it, had been simulated, and were not the real post or marks of the United States Sur-

veyor, nor did his testimony tend to prove that the post had been moved from the point where it had been originally placed by the Surveyor. It was therefore not error to reject the testimony of Brown, who was proceeding to testify to the same facts to which witness Easton testified.

Judgment and order affirmed.